IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
TIMOTHY F. HAARMANN,                )   Bankruptcy Case No. 07-60207
                                    )
                    Debtor.         )


<u>OPINION</u>

This matter having come before the Court on a Motion to Dismiss filed by Creditor,

Systems Development Services, Inc. (SDS), and Debtor's Objection to Motion to Dismiss

Filed by Creditor System Development Services, Inc.; the Court, having heard arguments of

counsel, having reviewed the written memoranda of the parties, and being otherwise fully

advised in the premises, makes the following findings of fact and conclusions of law

pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

<u>Findings of Fact</u>

The material facts in this matter are not in significant dispute and are, in pertinent

part, as follows:

1.      The Debtor filed for relief under Chapter 12 of the Bankruptcy Code on

April 24, 2007.

2.      SDS is a creditor and party in interest in Debtor's Chapter 12 proceeding by

virtue of a judgment entered in favor of SDS and against the Debtor in the Circuit Court of

Effingham County, Illinois.

3.      Prior to the commencement of the instant Chapter 12 case, the Circuit Court

of Effingham County, Illinois, issued its findings of fact and conclusions of law in Case No.

04-CH-30, finding and determining that the Debtor was obligated to SDS in an amount not

less than $481,892.  The findings and conclusions of the Circuit Court of Effingham County,

Illinois, are based on and arise out of the Debtor's misappropriation of trade secrets in which

SDS holds a proprietary interest. The Debtor's obligation to SDS has absolutely nothing to do with a farming operation.

4. Following the commencement of his Chapter 12 proceeding, the Debtor filed his schedules of assets and liabilities pursuant to 11 U.S.C. § 521, showing secured debts in the amount of $328,551.81, priority claims in the amount of $2,000, and unsecured claims in the amount of $23,756.41. The Debtor's Schedule F, showing unsecured claims, states that the Debtor owes nothing to SDS. The claims listed on Debtor's schedules amount to a total of $354,308.22.

5. Given that the Circuit Court of Effingham County, Illinois, had issued its findings and conclusions prior to the commencement of the Debtor's Chapter 12 bankruptcy petition, the only act remaining in the State Court was to enter judgment in favor of SDS. Following Debtor's filing for Chapter 12 relief, SDS sought and obtained relief from the automatic stay in order for judgment to be entered in its favor. Judgment was entered in the State Court in favor of SDS and against the Debtor.

Conclusions of Law

Pursuant to 11 U.S.C. § 109(f), only a family farmer or family fisherman, with regular annual income, may be a debtor under Chapter 12 of this title. The term "family farmer" is defined under 11 U.S.C. § 101(18)(A), which states:

> (18)   The term "family farmer" means -
>
> > (A)     individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $3,544,525 and not less than 50 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual or spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for -
> >
> > > (i)       the taxable year preceding; or

2

> (ii)    each of the 2d and 3d taxable years preceding the taxable year in which the case concerning such individual or such individual and spouse was filed;

Given the undisputed facts in this case, the Court must find that the Debtor does not qualify as a "family farmer" given that more than 50 percent of his aggregate, noncontingent liquidated debt does not arise out of a farming operation as required by 11 U.S.C. § 101(18). Although Creditor, SDS, did not have a final judgment from the State Court at the time Debtor filed for relief under Chapter 12, the absence of that judgment does not support the Debtor's contention that the debt of SDS is contingent or unliquidated. The case law is clear in holding that a debt is noncontingent so long as all the events giving rise to the debt occurred before commencement of the bankruptcy case, and a date is liquidated if it is susceptible to ready calculation. In re Heulbig, 299 B.R. 721 (Bankr. D. R.I. 2003). The Court in Heulbig stated:

> Although the creditor's ability to collect the sum due him may depend upon adjudication, that does not make the debt itself contingent. In broad terms, the concept of contingency involves the nature or origin of liability. More precisely, it relates to the time or circumstances under which the liability arises. In this connection liability does not mean the same as judgment or remedy, but only a condition of being obligated to answer for a claim.

Additionally, it has been held that the pendency of an appeal or the intent to prosecute an appeal does not render a debt either contingent or unliquidated. See: In re Rohl, 298 B.R. 95 (Banks. S.D. Mich. 2003).

It is the Debtor's contention that the events giving rise to his liability to SDS did not arise until after the commencement of his Chapter 12 case due to the fact that judgment was not entered until approximately six months after the bankruptcy filing. The Court wholly disagrees with the Debtor's assertion, and finds that it is clear that the trial fixing the Debtor's liability to SDS occurred pre-petition and the State Court had fixed the minimum amount of Debtor's obligation to SDS, thus making the claim of SDS not only susceptible to a precise calculation, but it had, in fact, been calculated prior to the Debtor's filing for relief under Chapter 12. The only remaining act for the State Court to perform was the formal entry of

the judgment, which was done upon the granting of the relief from stay to SDS.  The fact that the Debtor disputes the claim of SDS is of no consequence.  It is clear that even disputed debts are not excluded from the calculation under § 101(18).  <u>In re Vaughn</u>, 100 B.R. 423 (Bankr. S.D. Ill. 1989).  Thus, given the clear language of 11 U.S.C. 101(18), and the case law cited above, the Court must conclude that the Debtor is not a "family farmer" as defined under 11 U.S.C. § 101(18), and is, thus, not eligible for relief under Chapter 12 of the Bankruptcy Code pursuant to 11 U.S.C. § 109(f).  For these reasons, the Court finds that it must allow the Motion to Dismiss filed by Creditor, SDS.

ENTERED:  April 15, 2008.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge